IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Lena M. Osgood, ) | |
| ) | Case No. 8:12-cv-00943-MGL-JDA |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF THE MAGISTRATE JUDGE** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., and Title 28, U.S.C. § 636(b)(1)(B)[1]. Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for the successful representation of Plaintiff by Eleanor Swierk,[2] a non-attorney representative, in the underlying Social Security benefits action. [Doc. 23-1.] The Commissioner's decision denying benefits to Plaintiff was reversed and remanded for further administrative proceedings by Order[3] dated November 27, 2012. [Doc. 21.] Plaintiff seeks an award of $4,644.63, which includes attorney's fees calculated at a rate of $182.50 per hour for 25.45 attorney hours [Doc. 23-2], as well as $7.00 in costs and

---

[1]A Report and Recommendation is being filed in this case, in which one or both parties declined to consent to disposition by a magistrate judge.

[2]The application for fees was filed by the W. Daniel Mayes, Esq. [See, Doc 23.]

[3]The Commissioner filed a motion on November 21, 2012 indicating that he did not dispute remand was required, acknowledging errors in the ALJ's decision. [Doc. 20-1.]

1

$16.00 in expenses [Doc. 23-4]. The Commissioner does not oppose Plaintiff's motion. [Doc. 24.]

## APPLICABLE LAW

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . , incurred by that party in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991) (the eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the claimant timely filed his petition supported by an itemized statement.)

A claimant is a prevailing party if the case is remanded pursuant to sentence four of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). Further, a fee petition is timely if filed within thirty days of the final judgment. 28 U.S.C. § 2412(d)(1)(B). Finally, the government's position is "substantially justified" if it "ha[s] a reasonable basis both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 563 (1988). The phrase "substantially justified" has not been defined as "justified to a high degree," but a position has been described as "substantially justified" if there is a "genuine dispute" or "if reasonable people could differ as to [the appropriateness of the contested action]." *Id.* at 565 (alteration in original) (internal citations and quotation marks omitted).

## **DISCUSSION**

Under § 2412(d)(2)(A), fees and other expenses that may be awarded to a prevailing party in a civil action against the government must be "reasonable." The statute also provides a maximum hourly rate that can be awarded. Specifically, Congress provided that the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services furnished, except that attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii); *Hyatt v. Barnhart*, 315 F.3d 239 (4th Cir. 2002).

In an EAJA award, the Commissioner is charged only those fees and expenses fairly attributable to the monitoring and investigatory activities that led to the discovery of the dispute and to the litigation of that dispute. *Hyatt*, 315 F.3d at 256. "Costs" are limited to filing fees, copying, and printing charges. 28 U.S.C. § 1920; *see also* 28 U.S.C. § 2412(a)(1) (specifying that costs are limited to those enumerated in 28 U.S.C. § 1920); *W. Va. Univ. Hosps. v. Casey*, 499 U.S. 83, 86–87 (1991) (noting that only those items specifically listed in 28 U.S.C. § 1920 are compensable as costs). Other items, such as postage, attorney travel, and telephone charges, are considered "expenses" under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A); *see also Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (upholding award of expenses for telephone charges, postage, air courier charges, and attorney travel and noting that such expenses are those normally billed to a client and are routine under most fee statutes).

Upon consideration of Plaintiff's Motion for Attorney's Fees [Doc. 23] and the Commissioner's Response in Support of the petition [Doc. 24], the undersigned finds the requested fees reasonable and that Plaintiff is entitled to recover an award of $4667.63, including $4,644.63 in fees and $23.00 in costs and expenses.

## CONCLUSION

Wherefore, based upon the foregoing, it is recommended that Plaintiff's petition for attorney's fees be GRANTED, and that Plaintiff be awarded attorney's fees in the amount of $4,644.63, and costs and expenses in the amount of $23.00 pursuant to the EAJA, 28 U.S.C. § 2412(d), payable to Plaintiff.[4]

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

March 12, 2013
Greenville, South Carolina

---

[4] An EAJA award is payable to the litigant as the "prevailing party," not his or her attorney, and is subject to offset to satisfy a pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, __U.S.__, 130 S. Ct. 2521, 2525–27 (2010).