IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lena M. Osgood, ) | Civil Action No.: 8:12-943-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Jacqueline D. Austin made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. Plaintiff filed a motion for attorney's fees for the successful representation of Plaintiff Lena M. Osgood ("Plaintiff") by Eleanor Swierk, a non-attorney representative, and filed by Attorney W. Daniel Mayes in the underlying Social Security benefits action. The Court may make such an award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).

In her motion (ECF No. 23), Plaintiff requested an award of $4,644.63 in attorney's fees and $23.00 in costs and expenses because she was the prevailing party and the position taken by the Commissioner of the Social Security Administration was not "substantially justified." (ECF No. 23 at 1). Defendant filed a response stating that the Commissioner did not oppose Plaintiff's motion for attorney fees, but requested that the EAJA award be paid to Plaintiff but delivered to Plaintiff's attorney. (ECF No. 24.)

The Equal Access to Justice Act provides attorney's fees in actions where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed2d 490 (1988). The district court has broad discretion to set the

attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize." *Hyatt v. North Carolina Dep't of Human Res*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

After a thorough review of the record in this case, in light of the above standards, the court determines that a proper showing has been made under EAJA and that the attorney's fees sought should be awarded by this court. Plaintiff's attorney seeks an hourly rate in excess of $125.00 per hour to adjust for an increase in the cost of living allowance. Specifically, he seeks an award of $4,644.63 for 25.45 hours of attorney time at an hourly rate of $182.50. (ECF No. 23-1 at 6, 7, 23-2.) He additionally seeks to be reimbursed for $7.00 in costs, and $16.00 in fees. (ECF No. 23-4.) Defendant does not oppose Plaintiff's motion and the court finds the request to be reasonable. (ECF No. 24.)

Based on the foregoing and after considering the briefs and materials submitted by the parties, the Court adopts the Report and Recommendation and incorporates it herein by reference. It is therefore ORDERED that Plaintiff is awarded $4,644.23 in attorney's fees and $23.00 in costs and fees as set forth above.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

July 11, 2013
Spartanburg, South Carolina